IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| SHIRNS PONTIAC GMC, INC., | : | BANKRUPTCY NO.: 5-08-bk-53252 |
| DEBTOR | : | |
| SHIRNS PONTIAC GMC, INC., | : | {**Nature of Proceeding**: Motion for Breach of Automatic Stay Pursuant to 11 U.S.C. § 362 (Doc. #1)} |
| PLAINTIFF | : | |
| vs. | : | |
| SUSQUEHANNA BANK, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-09-ap-00307** |

# **OPINION**

The Debtor, Shirns Pontiac GMC, Inc., has filed a "Motion for Breach of Automatic Stay Pursuant to 11 U.S.C. § 362"[1] naming Susquehanna Bank as a Defendant.

Shirns Pontiac GMC, Inc., Debtor/Plaintiff, filed a Chapter 11 bankruptcy on November 17, 2008. At that time, it was indebted to Susquehanna Bank on a floor plan agreement. See Exhibit A attached to Document #1. The debt was guaranteed by the Debtor's principal, David Shirn, and his spouse, Maxine Shirn, as well as a realty entity known as DMS Realty. The Defendant also extended a term loan to DMS Realty. The obligations appear to be cross collateralized. Transcript of 5/21/2010 at 6 (Doc. #270). Post filing, floor plan audit fees accrued against the accounts as well as attorney fees and appraisal fees. Attorneys' fees accrued

---

[1] Despite the title of the pleading alluding to a contested matter under Federal Rule of Bankruptcy Procedure 9014, paragraph one referred to this litigation as an adversary proceeding. Moreover, the parties have been referred throughout the pleading as Plaintiff and Defendant.

[K:\Cathy\Opinions-Orders filed 2010\5-09-ap-00307_Shirns_Pontiac.pdf]

Case 5:09-ap-00307-JJT    Doc 16    Filed 10/04/10    Entered 10/04/10 10:57:20    Desc
Main Document    Page 1 of 5

and added to the accounts after the date of bankruptcy filing have been stipulated to be $24,976.87. *Id*. at 18. The appraisal fees were $6,580. *Id.* at 22. The real estate upon which the Debtor dealership operated was owned by DMS Realty and the Shirns individually. *Id.* at 25.

The thrust of Plaintiff's argument is that Susquehanna Bank is an undersecured creditor of Shirns Pontiac GMC, Inc. and, therefore, cannot assess interest, attorney's fees, late fees, and other charges against the Debtor postpetition without securing relief from the automatic stay. The Debtor argues that the continuing postpetition accrual of interest, late fees, appraisal fees and attorneys' fees is a violation of the stay. The Defendant argues that these charges are collectable against non-debtors, Mr. and Mrs. Shirns and DMS Realty, since those entities are guarantors of the debt, and therefore, the accrual of these obligations does not violate the stay. The Debtor responds by saying that Shirns and DMS are guarantors of the Debtor's obligation to the Defendant and, as such, cannot be obligated beyond the amount owed by the Debtor.

I deduce that the Debtor relies on the argument that the automatic stay prevents the Defendant from "assessing" these claims against the Debtor. 11 U.S.C. § 362(a)(6). That section extends the automatic stay to "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." If the Debtor is interpreting the term "assess" to mean "calculate," I think that interpretation is too far-reaching given the legal canon of construction, *ejusdem generis*. This rule suggests that, where there is an interpretation of a series of words, a general word will be given a more particular meaning as implied by the other specific words in the enumerated list. Applying that principle to an interpretation of the expanse of § 362(a)(6), I conclude that the mere calculation of additional charges in computing the Debtor's loan obligations does not violate the stay. Frankly, the record

contains little evidence that the Defendant did anything more than add interest, attorneys' fees, and costs to its loan obligations with the Debtor. Whether these sums are collectable against the Debtor is not now at issue. These calculations also may be essential with regard to collection activity against non-debtor guarantors and non-debtor collateral. No evidence was presented that the Defendant attempted to surcharge property of the estate or impair the reorganizational efforts of the Debtor.

Perhaps of greater significance is the fact that the charges complained of all arose after the bankruptcy was filed. Section 362(a)(6) clearly stays attempts to collect prepetition debt. In the absence of an attempt to recover this expense against property of the estate, a violation may not have occurred.

Notwithstanding the allegations of the Complaint, the Debtor has veered in a new direction in argument and in its brief. The Debtor suggests that the accrual of these supplementary charges actually violates the stay as it applies to non-debtor insiders. This is because its guarantors and the real estate owner are entities critical to the reorganizational effort and protected by the stay pursuant to the authority of *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir.1986), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986), *cited with approval* in *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509 (3d Cir.1997).

There is support for the Debtor's argument found in the case law cited. Nevertheless, the general rule is that non-bankrupts cannot avail themselves of the benefits of the automatic stay. *Maritime Electric Co., Inc.*, 959 F.2d 1194, 1205 (3d Cir.1991). Similarly, the automatic stay is not usually available to sureties and guarantors. *Id*. In order to extend the automatic stay to others, it must be shown that stay protection is essential to the debtor's reorganization.

*McCartney v. Integra Nat'l Bank N*., 106 F.3d 506, 510 (3d Cir.1997). David Shirn is held out to be the 100% owner of the Debtor as well as its chief operating officer. Unquestionably, Mr. Shirn's efforts are essential to any reorganizational effort. What is apparent, however, is that despite the bankruptcy being filed in November, 2008, the case appears to be no closer to confirmation now than it was when it was filed 22 months ago. Moreover, the record fails to support the unique characteristics that make the Debtor's rented property essential for its continued operations such as to suggest that the automatic stay should be extended to its landlord, a corporation owned by the principal.

The Debtor advances that it, the Shirns, and DMS Realty are part of one integrated economic unit essential to the Debtor's reorganization. This allegation, even if accurate, does not justify an extension of the automatic stay to these third parties. This is neither a situation where the stay extends to the *alter egos* of the Debtor, since there is no suggestion that the Shirns and DMS Realty had anything but a separate existence. Neither has it been supported that the injunctive powers of the Court should be exercised under 11 U.S.C. § 105 because a basic element of the use of the Court's injunctive powers has not been met, that is, a likelihood of success, which, in this case, would imply a successful reorganization.

In summary, the record here falls far short of demonstrating to this Court that efforts to pursue the guarantors or the owner of the real estate from whom the Debtor rents, will destroy the reorganizational effort. The Debtor was a General Motors dealer who saw its franchise terminated in the great automobile industry meltdown of 2008. As frequently referenced over the life of this bankruptcy, the Debtor has been hanging on by a thread since its initial filing and now markets a limited number of automobiles supplemented by a maintenance business. The

Debtor's strongest argument is that its guarantors may not be responsible to the full extent of Defendant Bank's demand because the Debtor's liability to the Bank is capped at the value of the Bank's collateral with interest no longer running against the Debtor post bankruptcy. This argument, however, serves the guarantors more than the Debtor and provides no independent support for the Plaintiff/Debtor's cause of action.

In summary, the Plaintiff has not met it burden of establishing that the Defendant has violated the automatic stay.

An Order will follow.

By the Court,

Date: October 4, 2010

John J. Thomas, Bankruptcy Judge
(CMS)